State of California Department of
Corrections and Rehabilitation
Mule Creek State Prison
**DONTAE McFADDEN**, Plaintiff
CDCR Registry No. AU7654
Housing Loc: A4-111
P.O. Box 409020
Ione, CA 95640

In Propria Persona

**FILED**

Jul 14, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAE McFADDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>SAM WONG, in his individual capacity,<br><br>        Defendant. | Case No. 2:22-cv-1234-AC (PC)<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Violation of Civil Rights**<br>**42 U.S.C. § 1983 – Denial of Medical Care**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now Plaintiff Dontae McFadden, and for cause of action against the defendants and each of them, complains as follows:

### INTRODUCTION

1. The California Department of Corrections and Rehabilitation (CDCR) has one of the largest prison systems in the United States, with approximately 100,000 men and women held in 33 prison facilities. The thousands of men and women locked up in CDCR face cruel and inhumane deficits in medical care. CDCR prison officials have known for years that its inadequate health care delivery system at Mule Creek State Prison (MCSP) places prisoners at a serious risk of harm but has failed to take the necessary steps to mitigate the risk. As a result, prisoners at MCSP are subjected to policies and practices that systematically deprive them of their constitutional right to basic medical care.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of law, of rights secured by the Constitution of the United States and Acts of Congress. This Court has jurisdiction to grant Plaintiff's request for declaratory relief pursuant to the Declaratory Judgement Act, 28 U.S.C. §§'s 2201 and 2202. Further, this Court has authority to grant the requested injunctive relief under 28 U.S.C. § 1343(3); the requested compensatory punitive, and nominal damages under 42 U.S.C. § 1983 and 28 U.S.C. § 1343; and Plaintiff's prayer for costs, including reasonable attorney's fees, under 28 U.S.C. § 1920 and 42 U.S.C. § 1988.

3. Venue lies in the Eastern District of California, the judicial district in which the claims arose, pursuant to 28 U.S.C. § 1391 (1)-(2). Plaintiff respectfully requests a jury trial on the allegations giving rise to this action.

## EXHAUSTION OF PRE-LAWSUIT PROCEDURES

4. On April 27, 2021, Plaintiff filed an inmate appeal regarding defendant Wong's refusal to provide medical care. Plaintiff exhausted all available administrative remedies. See Attachment 1.

## PARTIES

5. Plaintiff Dontae McFadden is a prisoner in the CDCR at MCSP. Officials at MCSP have known for years that the medical department at MCSP has an inadequate health care delivery system which places inmates at a serious risk of harm but no steps have been taken to mitigate the risks evidenced by several lawsuits filed against the medical department, including defendant Wong.

6. Plaintiff is a 38-year-old who suffered a gunshot wound to his right proximal tibia in 2001. Plaintiff underwent multiple surgeries including external fixation and muscular flap with skin grafts. Since the surgeries, Plaintiff's recovery has been relatively uneventful and has only worsened since his incarceration where he is subjected to multiple delays, cancellations, appointment mix-ups, and failures to provide appropriate follow-up after surgery. Two months later, when he was finally taken for surgery, it was found that Plaintiff had a partial develop on

the anterior aspect of his knee, which ultimately ruptured and contained purulent fluid. If Wong had appropriately reviewed his medical file, and made efforts to refer him for surgery, it is likely that he wouldn't have suffered with so much pain, infection would not have set in.

7. In addition, Plaintiff experienced retaliatory conduct by defendant Wong after he filed a grievance against him for denial of medical care in the form of discontinuing prescribed supporting devices for mobility and pain medication.

8. Defendant Sam Wong is a correctional doctor for CDCR. In this role, he has the duty to ensure that all inmates are provided constitutionally adequate health care. At all times relevant to this action, Wong was acting under color of state law. Wong is sued in his individual capacity. Wong has an extensive history of misconduct towards the inmate population for refusing to provide proper medical care. Several lawsuits have been filed against Wong for deliberate indifference.

**FACTS**

9. The Plaintiff, Mr. McFadden, is a 38-year-old who in 2001 sustained a gunshot wound to his right knee.

10. Plaintiff had multiple surgeries, including a muscle flap and hardware placement in 2003.

11. In August of 2020, blood samples were taken from the Plaintiff where medical staff was made aware that he suffered with inflammation in his blood originating from his right knee.

12. Beginning in August of 2020, Plaintiff informed medical staff of worsening right knee pain. Medical staff ignored Plaintiff's requests for treatment.

13. In February of 2021, Plaintiff was unable to bear weight on the right leg.

14. In March of 2021, Plaintiff's right knee pain gradually worsened. During medical interviews with defendant Wong, he accused Plaintiff of faking his condition and refused to provide medical care.

15. Plaintiff's right knee pain worsened and began to swell and turn red.

16. During a subsequent medical interview with defendant Wong, Plaintiff reported

his worsening condition and showed Wong his swollen and reddened knee. Plaintiff further explained that he was in need of surgery and requested that he be referred to a specialist to determine the cause of the pain and swelling. Wong again accused Plaintiff of faking his condition and refused to refer him to a specialist. Wong was aware of the infection running through Plaintiff's blood and failed to inform him.

17. During a subsequent medical interview with defendant Wong, Plaintiff reported his worsening condition and requested for emergency help. For the pain, swelling and redness, Wong prescribed Naproxen. Wong refused to refer Plaintiff for surgery.

18. Plaintiff then observed a bump forming on his knee that resembled a pimple. The pimple/bump was large in size.

19. During a subsequent medical interview with defendant Wong, Plaintiff reported the bump, which contained a substantial amount of pus. Wong refused to provide medical care and refused to refer Plaintiff to a specialist for surgery.

20. On or about May 1, 2021, while Plaintiff was brushing his teeth, the bump spontaneously began draining a substantial amount of purulent fluid. Plaintiff then requested emergency medical help. Plaintiff was again denied any medical treatment.

21. Plaintiff's right knee caused him significant pain.

22. Because Plaintiff was unable to ambulate since February of 2021, he was forced to borrow crutches and a wheelchair from other inmates in order to ambulate. This caused Plaintiff severe shoulder pain and ongoing deterioration in his knee.

23. Defendant Wong's refusal to treat Plaintiff's medical condition is subjecting him to serious and unnecessary risks of ongoing pain, falls, and further deterioration of his condition.

24. On or about May 3, 2021, Plaintiff requested emergency medical help (Man-Down). Other medical staff finally referred Plaintiff to an outside hospital.

25. Physicians at San Joaquin General Hospital examined Plaintiff on May 3, 2021. They determined that surgery was required and on May 4, 2021, surgery was conducted. See Attachment 2.

26. Plaintiff was prescribed pain medication and devices for mobility. Upon his return

4

to the prison, defendant Wong took Plaintiff's prescribed medication and devices in retaliation for filing a grievance for refusing to provide medical care.

27. Being deprived of his crutches caused Plaintiff to fall.

28. From February through May of 2021, defendant Wong was aware of Plaintiff's condition and complaints. Despite his knowledge of Plaintiff's condition, Wong refused to ensure that Plaintiff receive necessary medical care to adequately treat his knee injury and address his significant pain.

29. Upon Plaintiff's return from the outside hospital, defendant Wong refused to prescribe physical therapy for the Plaintiff in retaliation for filing of a grievance against Wong for refusing to provide medical care.

30. Defendant Wong's actions have caused, and continue to cause, Plaintiff to suffer severe physical pain and emotional distress, and put him at risk for ongoing deterioration of his condition.

## DAMAGES

31. As a proximate result of defendant Wong's conduct, Plaintiff suffered severe pain. As a further proximate result of Wong's conduct, Plaintiff suffered severe emotional and mental distress, fear of losing his leg, terror, anxiety and depression.

32. Defendant Wong acted outside the scope of his jurisdiction and without authorization of law. Wong's acts to deny medical treatment for a very painful condition and accuse Plaintiff of faking his condition was willful, wonton, malicious and oppressive, with deliberate indifference with the intent to cause Plaintiff pain and deprive him of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

## CLAIMS FOR RELIEF

### Denial of Medical Care

### (Eighth and Fourteenth Amendments, 42 U.S.C. § 1983)

33. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

5

34. Defendant Wong, acting under color of State law and through their policies, practices and customs, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth and Fourteenth Amendments, by subjecting him to the denial of medical subject Plaintiff to pain and cause his leg to be amputated.

35. As a direct and proximate cause of the aforementioned acts of defendant Wong, Plaintiff suffers with pain to date.

36. Defendant Wong's denial to provide timely medical care for Plaintiff and accuse him of faking his condition, entitle him to compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

1. Award Plaintiff general, special and compensatory damages in an amount to be proven at trial.

2. Award Plaintiff punitive damages against defendant for extreme and outrageous conduct in complete disregard for the rights of the Plaintiff.

3. Award Plaintiff statutory damages and/or attorney's fees against defendant allowed by 42 U.S.C. § 1988.

4. Grant Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).

Dated:                              Respectfully submitted,

                                    /s/ [signature]
                                    Dontae McFadden, Plaintiff

Attachment 2

**Attachment 1**

 

# CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES

### Headquarters' Level Response

**Closing Date:** SEP 2 1 2021

**To:** MCFADDEN, DONTAE (AU7654)
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

**From:** California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:** MCSP HC 21001027

### RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

### HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue: Disagreement with Treatment (PCP) | Refused treatment for right leg and knee pain. |
| Issue: Referral (Orthopedics) | To be seen by a specialist for right leg and knee pain. |

### HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

### BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package, health record, and all pertinent departmental policies and procedures were reviewed. Records support you having received evaluation and treatment as determined medically necessary. The Institutional Level Response adequately addressed your grievance issue and is sustained at the headquarters' level.

As stated in the Institutional Level Response, on May 4, 2021, you had surgery on your right leg, which included irrigation and debridement, removal of hardware, and treatment for cellulitis. Subsequently, you were seen for follow up by an orthopedic specialist on August 25, 2021. The provider noted a marked improvement in your C-reactive protein levels and that your x-rays showed a well healed right proximal tibia osteomyelitis with a rod in place.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

**HEALTH CARE SERVICES**                                                P.O. Box 588500
                                                                        Elk Grove, CA 95758

You received primary care provider evaluation on August 27, 2021; the provider noted you denied leg pain at that time. The orthopedic specialist's impression that your infection had resolved and recommendations of continued surveillance and routine follow up were reviewed with you.

California Correctional Health Care Services health care providers are trained to treat multiple types of pain in a systematic, step-wise approach based on comprehensive assessment and planning, as outlined in the CCHCS Care Guide: Pain Management. Complete pain relief is not a realistic goal. The goal is to reduce pain and improve function while avoiding significant side effects and risks associated with stronger pain medications or surgery. The assessment and monitoring of your pain is an ongoing process.

You may request the services of an outside consultant by following the directions in California Code of Regulations, Title 15, Section 3999.207. Specialty providers may not order additional diagnostic tests, specialty services, or make referrals directly. The primary care provider is responsible to determine the necessity for all specialist recommendations; however, the primary care provider is under no obligation to provide the recommended treatment and may choose an alternate strategy. In addition, some services require prospective review prior to services being rendered.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

It is not appropriate to expand the health care grievance beyond the initial issue(s). The Health Care Correspondence and Appeals Branch has the discretion whether to address new issues; it has been determined the new issue(s), *transfer to California Medical Facility*, not included in the originally submitted CDCR 602 HC, Health Care Grievance, will not be addressed at the headquarters' level per California Code of Regulations, Title 15, Section 3999.230(i).

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA 95758

This decision exhausts your administrative remedies.

Digitally signed by HCCAB
Date: 2021.09.20 16:07:49 -07'00'

_____
S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

September 20, 2021
_____
Reviewed and Signed Date

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758




# CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES

## Institutional Level Response

**Closing Date:** JUN 2 3 2021

**To:** MCFADDEN, DONTAE (AU7654)
A G 1000110LP
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

**Tracking #:** MCSP HC 21001027

### RULES AND REGULATIONS

The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

### HEALTH CARE GRIEVANCE SUMMARY

In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Disagreement with Treatment ( Primary Care Provider ) | You allege that you are being "refused treatment" of your "chronic issue with right leg and knee" |
| Issue: | Surgery ( Lower Extremities ) | You state you believe you need surgery. |
| Issue: | Scheduling ( Specialty Referral ) | To be seen by a specialist. |

### INTERVIEW

Pursuant to California Code of Regulations, Title 15, Section 3999.228(f)(1), an interview was not conducted as you did not request one by initialing the appropriate box on the CDCR 602 HC, Health Care Grievance.

### INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.   [ ] Intervention.

### BASIS FOR INSTITUTIONAL LEVEL DISPOSITION

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate you are enrolled in the Chronic Care Program (CCP), where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider (PCP) has discussed the plan of care with you.

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

RECEIVED HCCAB JUL 0 6 2021

CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES

# ADA/Effective Communication Patient Summary

**As of:** 04/28/2021 08:10

## Patient Information

**NAME:** MCFADDEN, DONTAE
**CDCR:** AU7654

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:**

**Current Housing Restrictions/Accomodations:**

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

## Testing of Adult Basic Education (TABE)

**TABE Score:** 07.7

**TABE Date:** 02/10/2015 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** No

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:**
* Eyeglass Frames Permanent
* Foot Orthoses Permanent
* Knee Braces Permanent

### MHSDS

**MHLOC:** CCCMS

RECEIVED
HCCAB
JUL 0 6 2021

**STATE OF CALIFORNIA** — **DEPARTMENT OF CORRECTIONS AND REHABILITATION**

# HEALTH CARE GRIEVANCE
CDCR 602 HC (Rev. 10/18) — Page 1 of 2

**STAFF USE ONLY**

Expedited? ☐ Yes ☑ No    Tracking #: **#21001027#**    MCSP-HC

Staff Name and Title (Print): P. Roark, RN
Signature: [signed] P. Roark    Date: 4/28/2021

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): **McFadden, Dontae L**    CDCR #: **AU7654**    Unit/Cell #: **A-1-235**

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

I am being refused treatment. I have a chronic issue with my right leg and knee, my condition has worstened considerably. I need to see a knee specialist, I believe I need surgery. I am in constant pain to the point I cant sleep, now I cant put preasure on my leg so I have difficulty walking. I am also considering amputation, that how serious my pain is. My level of care needs to be meet with a higher medical standard of care. My pain and suffering is being brushed off, and I am constantly being casually dismissed. I am in need of serious medical attention, for my mobility and pain.

Supporting Documents Attached. Refer to CCR 3999.227   ☐ Yes  ☐ No

Grievant Signature: [signed] Dontae McFadden    Date Submitted: 4/27/2021

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [ ]

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only    Is a CDCR 602 HC A attached? ☐ Yes ☑ No

This grievance has been:

Rejected (See attached letter for instruction): Date: ___   Date: ___

Withdrawn (see section E)

☑ Accepted    Assigned To: **HCGO**    Title: **RN**    Date Assigned: **5-7-21**    Date Due: **7-1-21**

Interview Conducted?  ☐ Yes  ☑ No    Date of Interview: ___    Interview Location: ___

Interviewer Name and Title (print): ___    Signature: ___    Date: ___

Reviewing Authority Name and Title (print): **Marianna Ash, MD, CMPH**    Signature: [signed]    Date: **6/23/21**

Disposition: See attached letter    ☐ Intervention    ☑ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: **JUN 23 2021**

Disability Code:
- TABE score ≤ 4.0
- ☐ DPH ☐ DPV ☐ LD
- ☐ DPS ☐ DNH
- ☐ DDP
- ☐ Not Applicable

2. Accommodation:
- ☐ Additional time
- ☐ Equipment ☐ SLI
- ☐ Louder ☐ Slower
- ☐ Basic ☐ Transcribe
- ☐ Other*

3. Effective Communication:
- ☐ Patient asked questions
- ☐ Patient summed information
- Please check one:
- ☐ Not reached* ☐ Reached
- *See chrono/notes

Comments: ___

Stamps: RECEIVED MCSP APR 28 2021 HCGO; COMPLETED MCSP JUN 8 2021 HCGO; RECEIVED OHCEAR JUL 06 2021; COMPLETED HCCAR SEP 21 2021

STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS AND REHABILITATION

# HEALTH CARE GRIEVANCE
CDCR 602 HC (Rev. 10/18)

**# 21001027 #** Page 2 of 2
Tracking #:

| SECTION C: | Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |

I repededntly told Dr. Wong something was wrong with my leg, he told me I would always be in pain. I had to go man down and they still told me my issue was not a medical emergency. Yet, the truth was I needed surgery. I would like to be kept at california medical facility in Vacaville state prison to ensure I recieve proper medical treatment. I do not believe the health care provided at mule creek State prison is in my best interest. I suffered for weeks and had to lay on the ground and ask for a medical emergency, in order to be treated properly. I do not trust the Doctors at the mule creek facility and would like placement at C.M.F Vacaville to ensure my medical needs are met.

**Grievant Signature:** Jashue McAllin
**Date Submitted:** 06-30-2021

**SECTION D: HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**   Is a CDCR 602 HC A attached? ☐ Yes  ☒ No

This grievance has been:
- ☐ Rejected (See attached letter for instruction):  Date: _____  Date: _____
- ☐ Withdrawn (see section E)   ☒ Accepted
- ☐ Amendment   Date: _____

Interview Conducted?  ☐ Yes  ☒ No   Date of Interview: _____   Interview Location: _____
Interviewer Name and Title (print): _____   Signature: _____   Date: _____

**Disposition:** See attached letter   ☐ Intervention   ☒ No Intervention

*This decision exhausts your administrative remedies.*

**HQ Use Only:** Date closed and mailed/delivered to grievant:   **SEP 2 1 2021**

**SECTION E:** Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason:

_____

**Grievant Signature:** _____   **Date Submitted:** _____
**Staff Name and Title (Print):** _____   **Signature:** _____   **Date:** _____

### STAFF USE ONLY

Distribution: Original - Returned to grievant after completed; Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

San Joaquin General Hospital
500 W Hospital Road
French Camp, CA 95231-

| | |
|---|---|
| Patient: MCFADDEN, DONTAE LARAIL | Admit: 8/25/2021 |
| MRN: 12603482 | Disch: |
| FIN: 30730095 | Admitting: Dowbak, John M MD |
| DOB/Age/Sex: 8/21/1982 / 39 years / Male | Copy to: Frese, Jessica |

## Office/Clinic Notes

*[Electronically Signed on: 08/25/2021 16:05 PDT]*

*Dowbak, John M MD MD*

*[Verified on: 08/25/2021 16:05 PDT]*

*Dowbak, John M MD MD*

San Joaquin General Hospital
500 W Hospital Road
French Camp, CA 95231-

Patient: MCFADDEN, DONTAE LARAIL                         Admit:      8/25/2021
MRN:     12603482                                        Disch:
FIN:     30730095                                        Admitting: Dowbak, John M MD
DOB/Age/Sex: 8/21/1982  / 39 years  / Male               Copy to:   Frese, Jessica

### Office/Clinic Notes

wound culture came back MSSA

The patient has completed his 6 weeks of IV therapy. He has no discharge coming from his right tibia. He is able to stand and walk. The considerable swelling that he had preoperatively has abated

**Physical Exam**
  Vitals & Measurements
  T: 36.9 °C (Oral)  HR: 64(Peripheral)  RR: 16  BP: 140/86  SpO2: 100%
  HT: 177.80 cm  WT: 117.93 kg  BMI: 37.3
Range of motion of the knee is 0-100. To the muscle flap is viable. There are no open wounds. There is a small 3 mm x 5 mm abrasion of the skin anteriorly with granulation tissue under the skin.

**Assessment/Plan**
1. Osteomyelitis of right tibia M86.9
   The patient has resolving osteomyelitis of the right tibia. Would like for him to have a C-reactive protein and a ESR. If the C-reactive protein is still elevated he should be on doxycycline 100 mg twice daily until his next appointment. If C-reactive protein has normalized then all antibiotics can be stopped. We will see him back in 6 weeks time. He may ambulate at will

Is been 3 months since he had antibiotic rod for MSSA of his right tibia. He has no pain. Is feeling good. Like to have the rod removed. The patient C-reactive protein was 2.6

**Physical Exam**

  Vitals & Measurements
  T: 36.9 °C (Temporal Artery)  HR: 73(Peripheral)  BP: 146/97  SpO2: 99%
  HT: 175 cm  WT: 120 kg  BMI: 39.18
There is no open draining wounds on the right tibia. There is mild warmth medially. There is no erythema. Range of motion is 0-105. Compartments are soft

**Assessment/Plan**
1. Osteomyelitis of right tibia M86.9
   Patient a few months cefazolin for his MSSA. X-rays show a well healed right proximal tibia osteomyelitis. With rod in place. We like to see the patient back in 2 months time with a repeat C-reactive protein and CBC. The patient's C-reactive protein was 25 on 5/6/2021 and now it is 2.6 a marked improvement
Ordered:
XR Knee 2 Views Port Rt, 08/25/21 13:55:00 PDT, Routine, once, 08/25/21 13:55:00 PDT, Reason: osteo, Reason: osteo, Transport Mode: Stretcher, Rad Type

**Follow Up Instructions**

| With | When | Contact Information |
|---|---|---|
| Dowbak, John M MD | In 2 months 10/25/2021 PDT | |
| Additional Instructions: | | |

Report Request ID:  370491655                  Page 3 of 4                   Print Date:  8/25/2021 19:31 EDT

San Joaquin General Hospital
500 W Hospital Road
French Camp, CA 95231-

Patient: MCFADDEN, DONTAE LARAIL
MRN: 12603482
FIN: 30730095
DOB/Age/Sex: 8/21/1982 / 39 years / Male

Admit: 8/25/2021
Disch:
Admitting: Dowbak, John M MD
Copy to: Frese, Jessica

## Office/Clinic Notes

rod and removal screw. The patient understands the nature of the procedure and its risks and knows there are no guarantees and accepts.

**Preoperative Diagnosis**
Cierny stage 4 osteomyelitis right tibia with involucrum and sequestrum
Mader host B (alcohol, amphetamine, cocaine use)
retained screw right tibia with shrapnel from gun shot wound 2001
wound class 4, dirty

**Postoperative Diagnosis**
same

**Operation**
removal screw right tibia
irrigation and debridement right tibia with multiple reamings and removal of involucrum and sequestrum
insertion 11 mm by 125 mm antibiotic Vancomycin and gentamicin rod
deep wound cultures for aerobic, anaerobic, gram stain and tuberculosis
specimen deep sinus tract to rule out squamous cell sarcoma

mssa

5/3/2021
Discharge date: 5/11/2021
CODE STATUS: Full
Attending physician: Dr. Aung
Resident physician: PGY-III, Dr. Lee

Accepting physician:
Disposition: M CSP

**Admitting Diagnosis:**
1. Septic joint M00.9
2. BMI 35.0-35.9, adult Z68.35

**Discharging Diagnosis:**
1. Septic joint M00.9
2. Osteomyelitis of right tibia M86.9
3. Transaminitis R74.01
4. BMI 35.0-35.9, adult Z68.35

**Consults:**
Orthopedic surgery, infectious disease

**Procedures:**
operation on 5/4/2021 by ortho: removal screw right tibia, irrigation and debridement right tibia with multiple reamings and removal of involucrum and sequestrum, insertion 11 mm by 125 mm antibiotic Vancomycin and gentamicin rod.

**Cultures:**
Blood cultures were sent on 5/3/2021 finalized no growth day 5 negative.

hydrOXYzine, 25 mg, Oral, Once a day (at bedtime)
hydrOXYzine, 50 mg, Oral, Daily, ACdinner
lidocaine, 1 patch, TOP, Daily, PRN
mirtazapine, 7.5 mg, Oral, Daily, PRN, ACdinner
naproxen, 500 mg, Oral, BID, PRN

**Allergies**
No Known Medication Allergies

**Social History**
Alcohol
  Current
Electronic Cigarette/Vaping
  Electronic Cigarette Use: Never.
Substance Abuse
  Past
Tobacco
  Former smoker, quit more than 30 days ago Tobacco Use:.

**Family History**
  Deceased Family Member(s):

Report Request ID: 370491655        Page 2 of 4        Print Date: 8/25/2021 19:31 EDT

San Joaquin General Hospital
500 W Hospital Road
French Camp, CA 95231-

| | |
|---|---|
| Patient: MCFADDEN, DONTAE LARAIL | Admit: 8/25/2021 |
| MRN: 12603482 | Disch: |
| FIN: 30730095 | Admitting: Dowbak, John M MD |
| DOB/Age/Sex: 8/21/1982 / 39 years / Male | Copy to: Frese, Jessica |

## Office/Clinic Notes

DOCUMENT NAME:
SERVICE DATE/TIME:
RESULT STATUS:
PERFORM INFORMATION:
SIGN INFORMATION:

Office/Clinic Note
8/25/2021 16:05 PDT
Auth (Verified)
Dowbak, John M MD (8/25/2021 16:05 PDT)
Dowbak, John M MD (8/25/2021 16:05 PDT)

# MCFADDEN, DONTAE LARAIL

DOB: 08/21/1982
Age: 39 years
Sex: Male
MRN: 12603482
Registration Date: 08/25/2021
Primary Care Physician:
　MCSP, Physician

**Chief Complaint**
right tibia osteomyelitis

**History of Present Illness**
right tibia osteo
**History of Present Illness**
Date/Time Surgery Performed
05/04/2021
**Indication for Surgery**
38 year old Mule Creek incarcerated male with history of history of substance use disorder (alcohol, amphetamines, cocaine), antisocial behavior, and depression presenting to the ED 5/3/2021 for evaluation of worsening right knee pain and wound infection x1 week. Pt reports that approximately 6 weeks ago, he began to have right knee pain which has gradually worsened. He notes that 1 week ago the right knee began to swell and had increased redness to his right knee. Pt reports he was started on Keflex, which he has been taking as directed. 3 days ago, he noticed a small bump on the front of the right knee, which spontaneously began draining purulent fluid 2 days ago. Denies fever/chills, chest pain, SOB, N/V/D. Per facility records, pt sustained a GSW to his right knee in 2001 and had surgery at UCSF and then Kaiser 15 years ago. He has had 4 operations. Pt has undergone multiple surgeries since, including a muscle flap and hardware placement in 2003. He was taken to Sutter Health ED and treated with Rocephin 1g IM once. As per Sutter documentation the CT scan at the time showed moderate joint effusion and labs showed elevated ESR and CRP. Pain was managed with Dilaudid and Norco. Currently the patient cannot bear weight on the right leg and uses crutches to ambulate. The patient denies recent trauma to the right knee. He denies fevers, chills, nausea, or vomiting. He previously tested positive for COVID and also received the COVID-19 vaccine. ED Course: The patient was afebrile and without leukocytosis. H/H was 12/37. CRP elevated to 33. The patient was administered Unasyn 3g and Vancomycin 1.5g IV. Now plan I/D right tibia with insertion of antibiotic

**Problem List/Past Medical History**
Ongoing
　No qualifying data
Historical
　No qualifying data

**Procedure/Surgical History**
- Antibiotic Rod Placement Tibia (Right) (05/04/2021)
- Incision & Debridement Leg (05/04/2021)

**Medications**
acetaminophen-codeine #3, 2 tab(s), Oral, BID, PRN
ascorbic acid 500 mg oral tablet, 500 mg= 1 tab(s), Oral, Daily, SJGH
capsaicin 0.025% topical cream, 1 app, TOP, TID, PRN
ceFAZolin 2 g/100 mL-NaCl 0.9% intravenous solution, 2G, IV Piggyback, q8hr
Colace 100 mg oral capsule, 100 mg= 1 cap(s), Oral, BID, SJGH
doxycycline hyclate 100 mg oral delayed release tablet, 100 mg= 1 tab(s), Oral, BID, Start on 06/15/2021 After finishing Cefazoline iv 5 weeks course. PCP may extend if patient still has sign of infection.

PROOF OR SERVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

I, Dontae McFadden, declare, depose and say, the following statement is true and correct under penalty of perjury, according to the law of the State of California based on matters known to me personally to be true.

I am over eighteen years of age, a resident, and a state prisoner of the State of California with a present mailing address of:

Mule Creek State Prison
Post Office Box 409020
Ione, CA 95640

On this 7-14 day of 7-14, 2022, I caused a true and correct copy of the following, specifically described document(s).

(22) pages containing Civil Writ and medical 602 + hospital actions.

at the prison to be placed in a sealed envelope(s), with first class postage, having been placed thereon, duly addressed to the interested person or persons as described hereinafter, and then deposited said envelope(s) in the regular United States mail, or mail service made available where I am being detained, to the addressee(s):

UNITED STATES DISTRICT COURT
for the Eastern District of California
501 I Street, Ste. 4-200
Sacramento, CA 95814

ROB BONTA
Attorney General of California
Attn:
P.O. Box 944255
Sacramento, CA 94244-2550

I declare that there has been regular U.S. mail pick-up by correctional officers at the aforementioned prison, and/or delivery service, at the places where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Executed this 7 day 14, 2022, under penalty of perjury according to the laws of the State of California, at Ione, Amador County.

_____