UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAE LARAIL MCFADDEN, | No. 2:22-cv-1234 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAM WONG, | |
| Defendant. | |

Plaintiff has filed motions requesting the appointment of counsel and an extension of time to oppose defendant's motion for summary judgment. ECF Nos. 38, 39.

With respect to plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden

of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is indigent, the issues in the case are complex, he has limited knowledge of the law, and the case involves medical records and expert medical testimony.  ECF No. 39.  As an initial matter, plaintiff's indigency and lack of legal knowledge are circumstances common to most prisoners and do not warrant the appointment of counsel.  Moreover, plaintiff makes only conclusory assertions of factual complexity, but the issue in this case does not appear to be overly complex.  Plaintiff has alleged that he was seen by defendant on several occasions for his knee pain and that defendant refused to provide him with any medical care, accused plaintiff of faking his condition, and later took away plaintiff's medications and mobility devices.  ECF No. 1 at 3-5.  To the extent plaintiff asserts that his account of the treatment he received differs from defendant's account, plaintiff is competent to testify to what he experienced even though he has not established his competency to testify to the appropriateness of the treatment he received.  Finally, while defendant has included an expert declaration to support his motion for summary judgment, expert testimony is not always necessary in resolving a motion for summary judgment.  In this court's experience, many deliberate indifference claims are resolved at the summary judgment stage without reliance on expert testimony.  In some cases expert testimony is rendered irrelevant at the summary judgment phase in the face of fundamental disputes regarding what care was provided.  Therefore, without plaintiff's response to defendant's statement of facts, which outlines the treatment defendant asserts plaintiff was provided, the court is unable to determine whether appointment of counsel for purposes of retaining an expert witness would be appropriate.  For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Plaintiff has also filed a motion for an extension of time to respond to defendant's motion for summary judgment under Federal Rule of Civil Procedure 56(d).  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted).

Plaintiff asserts that he requires additional time to conduct discovery to obtain copies of his medical records referenced in defendant's motion for summary judgment. ECF No. 38. Defendant has filed a notice of non-opposition, in which he states that all cited medical records were attached as exhibits to the motion and that he has served another full copy of the motion on plaintiff to ensure he has copies of the relevant documents. ECF No. 40. The court has reviewed the attachments to defendant's motion for summary judgment and finds that the records plaintiff identifies are included therein and are identified in the defendant's moving papers by their Bates numbers. Therefore, to the extent plaintiff seeks to stay briefing on the motion for summary judgment and re-open discovery, the motion will be denied. However, plaintiff will be granted additional time to respond to the motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 39), is DENIED.

2. Plaintiff's motion for an extension of time (ECF No. 38) is GRANTED to the extent that plaintiff shall have thirty days from the service of this order to respond to defendant's motion for summary judgment. The motion is otherwise DENIED.

DATED: May 20, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE